# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TIMOTHY SMITH,**

    **Plaintiff,**

vs.                                                                     Case No.:  **4:06cv45-RH/WCS**

**JAMES V. CROSBY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*, doc. 2. Leave to so proceed has been granted in a separate order entered this day. The complaint has, accordingly, been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff complains about the alleged denial of due process during a prison disciplinary proceeding. Plaintiff lost gain time as a result of that proceeding and, despite his exhaustion of the prison grievance process, the gain time was not restored and his disciplinary report conviction was not overturned. Plaintiff also filed a writ of mandamus concerning the alleged due process violation, and states that the petition was denied. In this civil rights action, Plaintiff seeks expungement of the disciplinary report, restoration of 180 days gain time, and court costs and fees. Doc. 1.

Dockets.Justia.com

A prisoner may not seek to reduce his period of confinement through a civil rights action.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Attacking the length of a period of incarceration by seeking the restoration of gaintime is an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.

Furthermore, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id*.  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.  Heck has since been extended and made explicitly applicable in the prison disciplinary setting.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration.  117 S. Ct. at 1589.  Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gaintime credits is not cognizable under § 1983.Heck, 512 U.S. 477, 114 S. Ct. at 2372.

Accordingly, Plaintiff is attempting to use this civil rights case to restore gain time which, if granted, would result in speedier release from prison. That is not possible under 42 U.S.C. § 1983. <u>Heck</u>, 114 S. Ct. at 2372. Plaintiff also may not be awarded money damages for any defects in the prison disciplinary hearing challenged here because Plaintiff lost gaintime credits which have not been restored. This § 1983 case must, therefore, be dismissed for failing to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2006.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**